ALSON GILMORE *vs.* GEORGE W. SKIFF.

The right of a turnpike corporation, established since the *St.* 1804, *c.* 125, and before the revised statutes, to maintain an action for a penalty in the name of their treasurer, against any person passing a turnpike gate of such corporation without paying toll, is taken away by the revised statutes, *c.* 39, §§ 32, 94, and *c.* 133, § 14.

THIS was an action on the case commenced August 31st, 1848, by the plaintiff as treasurer of the Taunton and South Boston turnpike corporation, to recover three several penalties, under the thirty-second section of the thirty-ninth chapter of the revised statutes, of the defendant, for passing the toll gates of said corporation in Easton and Raynham, contrary to the provisions of the statute. The company were incorporated by the legislature on the 24th of June, 1806, (*St.* 1806, *c.* 7,) with all the powers, privileges and advantages, and under all the restrictions, expressed in the statute of 1804, *c.* 125; the fifth section of which imposed a penalty on any person who should forcibly pass, or attempt to pass, any turnpike gate on any turnpike road legally established, without having first paid the legal toll, with an intent to avoid the same, to be recovered by the treasurer of the corporation to their use, in an action of trespass.

At the trial before *Bigelow*, J., in the court of common pleas, the defendant objected, that the action could not be maintained by the treasurer of the company, but that the forfeiture provided for in the section of the revised statutes,

on which the action was brought, could only be recovered by indictment or complaint.    The judge ruled, that the plaintiff could not maintain the action, and a verdict was rendered for the defendant, whereupon the plaintiff excepted.

*H. G. O. Colby* and *H. Pratt*, for the plaintiff.    1. The charter granted to the turnpike corporation in 1806 was a contract between them and the government, and the legislature could not afterwards take away the right thereby given to them to recover penalties in the name of their treasurer. This right was a vested right.    *Charles River Bridge* v. *Warren Bridge,* 7 Pick. 344; *Nichols* v. *Bertram,* 3 Pick. 342; *Harrington* v. *Berkshire,* 22 Pick. 263; *Van Rensselaer* v. *Albany,* 1 Cow. 501.    The Rev. Sts. *c.* 39, §§ 32, 94, only changed the form of action from trespass to case.    2. The general provision of Rev. Sts. *c.* 133, § 14, does not repeal the old act. And see the saving clause in Rev. Sts. *c.* 146, § 5.

*N. Morton,* for the defendant.    The Rev. Sts. *c.* 133, § 14, give the penalty to the commonwealth, where there is no express appropriation.    The striking out by the legislature of the words, " to be recovered to the use of the corporation in an action by the treasurer thereof," in the report of the commissioners, *c.* 39, § 35, is quite significant.    And see *Sturbridge* v. *Winslow,* 21 Pick. 83, 88; *St.* 1842, *c.* 66.

THE COURT overruled the exceptions.